IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAVIS D. WRIGHT,

      Petitioner,

v.                                                 No. CV 10-736 JH/CG

ERASMO BRAVO,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Shavis D. Wright's *Petition for Writ of Habeas Corpus by a Person in State Custody* ('Petition') (Doc. 1), Respondent's *Answer to Inmate Petition* ('Answer') (Doc. 8), and Petitioner's *Reply to Respondent's Answer to Petition* (Doc. 10). In his Petition, Mr. Wright asserts that he is entitled to relief because: i) his guilty plea in state court was involuntary and unlawfully induced, ii) the plea was unconstitutional because it was procured through false promises and, iii) he was denied effective assistance of counsel.  (Doc. 1 at 2). This Court disagrees and, for the reasons set forth below, recommends that Mr. Wright's Petition be denied.

**I.**      **Background**

On March 26, 2003, Petitioner Wright pled guilty to five counts of armed robbery in criminal cases D-202-CR-2001-03269 and D-202-CR-2002-01945 in the Second Judicial District in Bernalillo County, New Mexico. (Doc. 1 at 3; Doc. 8, Ex. I at 2; Ex. J at 3). Mr. Wright entered the plea on the belief that he would receive a sentence of no more than sixteen years.  (Doc. 1 at 3, 6). The Honorable Judge Murdoch of the Second Judicial District accepted Mr. Wright's plea and sentenced Mr. Wright on July 31, 2003.  (Doc. 8,

Ex. I at 2; Ex. J at 2). Finding that Mr. Wright was a Habitual Offender with three prior felony convictions pursuant to NMSA 1978 § 31-18-17, Judge Murdoch sentenced Mr. Wright to thirty-eight years imprisonment with sixteen years suspended.[1] (*See* Doc. 8, Ex A). While only sixteen out of thirty-eight years were suspended, the sentencing document directed the New Mexico Department of Corrections to take Mr. Wright into custody for only sixteen years, as opposed to twenty-two years. (*Id.* at 3).

Mr. Wright took no further action in regards to his case until December 29, 2009, when he filed a *Motion to Amend Judgment* with the Second Judicial District, requesting that the sentencing document be amended to indicate that twenty- two years of his sentence were suspended, as opposed to sixteen years. (Doc. 8, Ex. E at 1-2). Judge Murdoch denied Petitioner's motion on January 21, 2010, stating that the sentencing document accurately reflected his judgment that Petitioner's sentence was suspended for only sixteen years. (Doc. 8, Ex. F at 1-2). Petitioner was further informed by the inmate records department at the Guadalupe County Correctional Facility ('GCCF') on February 10, 2010, that his sentence had only been suspended for sixteen years and that Petitioner's was to be incarcerated for twenty two years by the Department of Corrections. (Doc. 1 at 3-4). On February 18, 2010, the Second Judicial District entered an amended sentencing document, wherein Petitioner's time of detention was changed from sixteen years to twenty-two years.  (Doc. 8, Ex. B at 3). It is unclear whether the Second Judicial District entered the amended sentencing document *sua sponte* or on a motion from the District Attorney.

---

[1] Petitioner was also to be placed on supervised probation for four years following the completion of his sentence of incarceration. (Doc. 8, Ex. A at 3). Petitioner was also directed to submit a DNA sample to pay a 'DNA fee' of $100. *Id.*

Following the entry of the amended sentencing document, Petitioner filed a *Petition for Writ of Habeas Corpus and to Challenge Illegal Confinement* with the Second Judicial District on March 9, 2010. (Doc. 1 at 13-20; Doc. 8, Ex. I at 1; Ex. J at 1). Petitioner asserted three grounds for relief:

> A. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the charges and the consequences of the plea
> B. Conviction obtained by unkept promises by the state actors.
> C. Conviction is result of ineffective assistance of counsel.

(Doc. 1 at 15). Judge Murdoch denied the petition on March 18, 2010, stating that Mr. Wright's effort to modify the sentence was merely a case of "buyer's remorse." (Doc. 8, Ex. H at 2). Petitioner claims that he then submitted a writ of certiorari to the New Mexico Supreme Court on April 6, 2010 but that he never received a reply of any kind from the Supreme Court's clerks office. (Doc. 1 at 1-2). Petitioner eventually wrote a letter to the clerk of the New Mexico Supreme Court on June 20, 2010, inquiring as to whether any action would be taken regarding the writ he purportedly filed on April 6. (Doc. 1 at 2, 12). Petitioner claims that he received no response from the clerk's office regarding his June 20 letter. (*Id.* at 2).

Respondent, in his Answer, claims that there is no evidence that Petitioner ever filed a writ with the New Mexico Supreme Court and that he has therefore failed to exhaust his state remedies, as required by 28 U.S.C. § 2254(b)(1)(A) - the Antiterrorism and Effective Death Penalty Act ('AEDPA'). Respondent has provided copies of Petitioner's *Motion to Amend Judgment*, his *Petition for Writ of Habeas Corpus and to Challenge Illegal Confinement*, as well as the relevant decisions from the Second Judicial District, but Respondent claims that no records exist for the purported writ submitted to the New Mexico Supreme Court. (*See* Doc. 8, Exs. E; F; G; H). Respondent also submitted the Second

Judicial District docket sheets for cases D-202-CR-2001-03269 and D-202-CR-2002-01945, neither of which reflect any writ being filed with the New Mexico Supreme Court. (*See* Doc. 8, Ex. I; Ex. J). Respondent further states that a federal habeas paralegal with the New Mexico Attorney General's office contacted the clerk of the New Mexico Supreme Court and was unable to uncover any evidence of a writ being filed by Petitioner Wright. (Doc. 8 at 8). This Court notes as well that, while Petitioner has provided copies of all his state court habeas filings, the only document conspicuously missing is the writ of certiorari that he claims to have filed with the New Mexico Supreme Court.

**II.**     **Analysis**

    **A.**     **Failure to Exhaust:**

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An Application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism - that in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."); *Rose v. Lundy*, 455 U.S. 509 (1982).

In order to satisfy the exhaustion requirement, a petitioner must 'fairly present' all of his relevant claims before the state court. *See Picard v. Connor,* 404 U.S. 270, 275

(1971). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *Id.*

It appears from the pleadings provided by both the Petitioner and the Respondent that Petitioner has failed to to exhaust his state remedies. Specifically, it appears that no writ of certiorari was ever properly filed with the New Mexico Supreme Court. Petitioner claims that he did file such a writ, but he also freely acknowledges that he never received any indication that such a writ was ever received. (*See* Doc. 1 at 1-2). Neither has the Petitioner provided any copies of the writ that he purportedly filed with the New Mexico Supreme Court. Respondent has stated that clerks from the New Mexico Supreme Court have confirmed with members of the Attorney General's office that no writ was ever received from Petitioner Wright.  (Doc. 8 at 8). Respondent has also provided the docket sheets from Petitioner's underlying criminal convictions and neither sheet reflects the submission of a writ to the Supreme Court.  ( Doc. 8, Ex. I, Ex. J). Nor does the website for the New Mexico Supreme Court, which lists the writs of certiorari received in 2010, reflect that any writ was received from Petitioner.[2]

Petitioner bears the burden of showing that he exhausted all available state remedies.  *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir.2009); *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  Accordingly, this Court recommends that the Petition be dismissed with prejudice for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).

---

[2] *See* http://nmsupremecourt.nmcourts.gov/; then follow 'Writs of Certiorari' hyperlink.

**B.**     **Timeliness of Petition**

Although Respondent did not raise the timeliness of the Petition in his Answer, this Court has the authority to raise the issue *sua sponte* when it is clear on its face that the petition is untimely. *See Day v. McDonough*, 547 U.S. 198 (2006); *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("The [Supreme] Court [has] held that a district court may nevertheless raise the issue of untimeliness and dismiss the petition when it is clear that the petition is, in fact, untimely."). This Court has determined that Mr. Wright's Petition is clearly untimely.

A one-year limitation period applies to habeas petitions brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of four possible time periods:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending.

28 U.S.C. § 2244(d)(2).

The statute of limitations began to run the date on which the judgment became final which, in Mr. Wright's case, was on the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A). Petitioner pled guilty on July 31, 2003 and his conviction became final on August 31, 2003 since New Mexico law provides for a thirty day window in which a defendant may appeal his conviction. *See* N.M.R.A. 12-201(A)(2). Because Petitioner did not seek review of his conviction until December of 2009 - over 6 years after he was sentenced - there can be little doubt that his pending habeas Petition must be considered untimely for the purposes of 28 U.S.C. 22441(d)(1).

Neither can the Petition be considered timely under § 2244(d)(1)(D) - which provides that the one year statute of limitations begins tolling only "when the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id.* While it is true that the sentencing document filed following the 2003 guilty plea was ambiguous as to Petitioner's actual length of confinement, the ambiguity concerning Petitioner's sentence was apparent on the day he was sentenced.  (*See* Doc. 8, Ex. A at 3). Petitioner must have been aware of the ambiguity since it was he who first drew it to the Second Judicial District's attention by filing a Motion to Amend Sentence in December of 2009 - a motion which was filed *before* the inmate records department at GCCF performed an audit of his sentence.  (Doc. 8, Ex. E, Ex. I at 1, Ex. J at 2). Petitioner has no valid argument that the factual predicate of his claim could not have been discovered until 2009 - the year in which he filed a collateral attack on his sentence. Accordingly, this Court recommends that Mr. Wright's Petition be dismissed with prejudice because it was not filed within the time limits set out in 28 U.S.C. § 2244(d)(1).

## III.    Recommendation

Wherefore,

Because Petitioner has failed to show that he exhausted all available state remedies before filing the instant Petition as required by 28 U.S.C. § 2254(b)(1)(A), and because the Petition is clearly time-barred under 28 U.S.C. § 2244(d)(1), **IT IS HEREBY RECOMMENDED THAT** Shavis D. Wright's *Petition for Writ of Habeas Corpus by a Person in State Custody* (Doc. 1) **BE DISMISSED WITH PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE